Geoff J. Spreter, Esq. (SBN 257707)
Benjamin D. Petiprin, Esq. (SBN 256797)
SPRETER & PETIPRIN, APC
601 3rd Street
Coronado, CA 92118
Tel: (619) 865-7986
geoff@spreterlaw.com
ben@spreterlaw.com

Attorneys for Plaintiff Ana Rehmet

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA REHMET, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATHERAPP, Inc.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ana Rehmet ("Plaintiff"), through her undersigned attorneys, on behalf of himself and all persons similarly situated, complain against GatherApp, Inc. ("GATHERAPP" or "Defendant"), as follows:

## INTRODUCTION

1. Plaintiff bring this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GATHERAPP in sending text messages to Plaintiff on her cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

///

2. The TCPA exists to prevent communications like the ones described within this complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. When it passed the TCPA, Congress intended to provide consumers a choice as to how telemarketers may call them and found that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No. 102–243, § 11. Congress also found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance . . . " *Id.* at §§ 12-13.

4. The TCPA's ban on telephone calls made using an automatic telephone dialing system ("ATDS" or "autodialer"), as defined by 47 U.S.C. § 227(a)(1), has been interpreted to extend to unsolicited autodialed text messages sent to cellular phones. *See, e.g.*, FCC Declaratory Ruling, 27 F.C.C.R. 15391, 2012 WL 5986338 (Nov. 29, 2012); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 876 (9th Cir. 2014); *Gager v. Dell Fin. Servs., Inc.*, 727 F.3d 265, 269 n.2 (7th Cir.2013).

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d). Plaintiff and members of the Classes have suffered aggregate damages exceeding $5,000,000, exclusive of interest and costs, and is a class action in which any member of the class of plaintiff is a citizen of a state different from any defendant.

6. This Court also has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, pursuant to GATHERAPP's violation of the TCPA.

- 2 -
CLASS ACTION COMPLAINT

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because GATHERAPP is a resident of this District and significant events giving rise to this case took place in this District.

## PARTIES

8. Plaintiff Ana Rehmet is a citizen residing in Travis County, Texas.

9. Defendant GATHERAPP is ostensibly a mobile application service which connects friends with one another in the application. GATHERAPP is a Delaware corporation doing business in the County of San Francisco, California. GATHERAPP's principal place of business and corporate headquarters are in San Francisco, California.

## FACTUAL INDIVIDUAL ALLEGATIONS

10. On May 7, 2017, GATHERAPP sent a text message to Plaintiff's mobile phone from (410) 927-5789.

11. The text message stated:

> You have been invited to join the Gather app. 3 of your friends want to hang. :) Check it out! – gthr.me/dl
>
> Reply HELP for help, STOP to stop more invites from friends

///
///
///

12. A true and correct copy of that text message is attached as **Exhibit A** and here:



13. Clicking on gthr.me/dl redirects the user to www.gatherwith.us.

14. www.gatherwith.us is a landing page for GATHERAPP's website advertising its mobile application called Gather.

15. www.gatherwith.us identifies GATHERAPP as the owner of that website and the mobile application.

16. Plaintiff never gave GATHERAPP permission to send her text messages. Plaintiff never interacted with GATHERAPP, its websites, or its mobile application

in any way, and never gave GATHERAPP permission to contact her through any form of communication.

17. Plaintiff has no contact with the phone number of (410) 927-5789, in her mobile phone or otherwise. Plaintiff knows no one with the phone number of (410) 927-5789. Plaintiff never gave GATHERAPP or anyone else to send her text messages or other correspondence from the (410) 927-5789 number.

18. Plaintiff is informed and believes GATHERAPP obtained Plaintiffs' mobile phone number by taking, without consent, contacts from mobile phones owned by third parties, and sending text messages to those contacts, including Plaintiff and others.

19. Plaintiff is informed and believes those third parties did not willingly give Plaintiffs' mobile phone number to GATHERAPP so that GATHERAPP could contact Plaintiff. Even if they did, Plaintiff never gave *GATHERAPP* permission to send her text messages or contact her in any way, which they did anyways.

20. A text message is a "call" within the meaning of the TCPA. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

21. Plaintiff is informed and believes GATHERAPP sent these text messages through an "automatic telephone dialing system" (the "ATDS"), as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. These text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Plaintiff is informed and believes the ATDS can store or produce numbers to be called using a random or sequential number generator.

24. Plaintiff is informed and believes the ATDS sends text messages stored as a list or in a database without human intervention.

25. Plaintiff is informed and believes the text messages sent to her are those for which she incurs a charge pursuant to 47 U.S.C. § 227(b)(1).

26. These text messages violated 47 U.S.C. § 227(b)(1).

27. Plaintiff suffered violation of a legally-protected privacy interest, specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected by GATHERAPP's conduct because she was frustrated and distressed that GATHERAPP interfered with her life by using an ATDS. When she received the text message at issue, Plaintiff was attending a memorial service for fallen U.S. Navy Seal Charles Keating, an inopportune time to have her life interrupted by egregious spam text messaging.

29. The text message caused nuisance, frustration, annoyance, and lost time to Plaintiff because it took up space on her phone, wasted a text message slot in her monthly allotment, depleted her mobile phone battery life, and caused her to incur electricity to recharge her phone. The TCPA was designed to prevent these kinds of harms to consumers. *See, e.g., Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 644-45 (N.D.W. Va. 2016); *see also id.* at 645 ("Of more import, such calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction").

30. Plaintiff is informed and believes that the text message was made by GATHERAPP or its agents, with GATHERAPP's permission, knowledge, and control, for GATHERAPP's benefit.

///

///

31. GATHERAPP is therefore liable to Plaintiff through the doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of federal and state law, including the TCPA.

32. Through their contact, GATHERAPP violated 47 U.S.C. § 227(b)(1)(A)(iii).

## FACTUAL CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and a class of all others similarly situated, defined as follows:

> All persons within the United States who received any text message from GATHERAPP or their agent(s) and/or employees, not sent for emergency purposes, without prior express consent, to the person's mobile phone made through the use of any automatic telephone dialing system without the four years prior to filing this complaint.

34. GATHERAPP and its employees or agents are excluded from the Classes.

35. Members of the Class are so numerous that joinder is impracticable. While the exact number of class members is unknown to Plaintiff, it is believed that the Class is comprised of thousands of members geographically disbursed throughout the United States. The Class is readily identifiable from information and records in the possession of GATHERAPP and third parties.

36. Common questions of law and fact exist as to all members of the Classes. These questions predominate over questions that may affect only individual class members because GATHERAPP has acted on grounds generally applicable to the Classes. Such common and legal factual questions include:

   a. Whether GATHERAPP's conduct violates the TCPA;

   b. Whether GATHERAPP's text messages were sent for an emergency purpose;

  c. Whether GATHERAPP obtained valid express consent from the automated text message recipients;

  d. Whether GATHERAPP adhered to requests by Class members to stop sending text messages;

  e. Whether GATHERAPP keeps records of text message recipients who revoked consent to receive text messages;

  f. Whether Plaintiff and members of the Class are entitled to damages, costs, or attorney's fees from GATHERAPP;

  g. Whether GATHERAPP's conduct caused Plaintiff and members of the Class inconvenience or annoyance;

  h. Whether Plaintiff and members of the Class are entitled to compensatory damages;

  i. Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of GATHERAPP's conduct;

  j. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining GATHERAPP from continuing to engage in its unlawful conduct;

  37. Plaintiff's claims are typical of the members of the Class, as all members of the Class are similarly affected by the GATHERAPP's actionable conduct. GATHERAPP's conduct that gave rise to the claims of Plaintiff and members of the Class A (*i.e.,* using an autodialer to send unsolicited text messages to mobile phones owned by Plaintiff is the same for all members of Class A).

  38. Plaintiff will fairly and adequately protect the interests of the Classes because they have no interests antagonistic to, or in conflict with, the Classes that Plaintiff seek to represent. Furthermore, Plaintiff have retained counsel experienced and competent in the prosecution of complex class action litigation.

39. Class action treatment is a superior method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit many similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender.  The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

40. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

41. GATHERAPP has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

## COUNT I

## Violation of the Telephone Consumer Protection Act

### (47 U.S.C. § 227 *et seq.*)

42. Plaintiff incorporates by reference all above paragraphs as though fully repeated herein.

43. The TCPA prohibits the use of an ATDS or autodialer to make any call or send any text message to a wireless phone number without the prior express consent of the contacted party or in the absence of an emergency.

44. The foregoing acts and omissions of GATHERAPP constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

45. Because of GATHERAPP's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to an award of $500.00 in statutory damages, for each negligent violation, pursuant to 47 U.S.C. § 227(b)(3).

46. Because of GATHERAPP's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to an award of $1,500.00 in statutory damages, for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and members of the Class also suffered damages in the form of text message, data, and other charges to their cellular telephone plans.

48. Plaintiff and members of the Classes are also entitled to and seek injunctive relief prohibiting GATHERAPP's illegal conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment as follows:

1. Statutory damages of $500.00 for each negligent violation of the TCPA over the last four years;

2. Statutory damages of $1,500.00 for each knowing or willful violation of the TCPA over the last four years;

3. Actual and punitive damages arising from GATHERAPP's wrongful and illegal conduct;

4. A permanent injunction prohibiting GATHERAPP from sending text messages via the use of an ATDS or autodialer without recipients' prior express consent;

5. Attorney's fees;

6. Litigation expenses and costs of the instant suit; and

7. Such other or further relief as the Court deems proper.

## JURY TRIAL DEMAND

A jury trial in this matter is hereby demanded.

SPRETER & PETIPRIN, APC

Dated: June 21, 2017

_____
Geoffrey J. Spreter, Esq.
Benjamin D. Petiprin, Esq.